Jessica Perez, OSB No. 222649
jperez@intermountainlaw.com
INTERMOUNTAIN LAW, PC
2189 N. Whitley Drive
Fruitland, Idaho 83619
208-452-6535

Boyd J. Hawkins, ISB No. 5035
boyd@idahojustice.com
MILLER HAWKINS, PLLC
600 E. Riverpark Lane
Suite 210
Boise, Idaho 83706
208-287-8787

Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT**

**DISTRICT OF OREGON**

**PENDLETON DIVISION**

| | |
|---|---|
| DANIEL M. CANNON,<br><br>　　Plaintiff,<br><br>v.<br><br>DEB HAALAND, Secretary of the United States Department of the Interior,<br><br>　　Defendant. | Case No.<br><br>**COMPLAINT FOR VIOLATION OF SECTION 501 OF THE REHABILITATION ACT OF 1973, 29 U.S.C. § 791**<br><br>Demand for Jury Trial |

PRELIMINARY STATEMENT

　　1.　　This is an action by an employee of the federal government against Deb Haaland, in her capacity as Secretary of the United States Department of the Interior, alleging discrimination on the basis of physical disability in violation of Section 501 of the Rehabilitation Act of 1973, 29 U.S.C. § 791 (the "Act").

PARTIES

2.  Plaintiff Daniel M. Cannon has worked for the United States Department of the Interior, Bureau of Land Management (the "BLM") for approximately twenty-seven years. Plaintiff's current job title is Assistant Air Tanker Base Manger for the BLM's Vale, Oregon District Office of the Oregon/Washington Region. Plaintiff resides full-time in Oregon.

3.  Defendant Deb Haaland is the current Secretary of the United States Department of the Interior.

JURISDICTION AND VENUE

4.  The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331. Venue is proper in the District of Oregon, Pendleton Division, pursuant to 28 U.S.C. § 1391(e)(1)(B) as the acts and omissions giving rise to this claim occurred within the District, as well as 28 U.S.C. § 1391(e)(1)(C) because Plaintiff resides within the District.

GENERAL ALLEGATIONS

5.  Section 501 of the Act requires the federal government to be a model employer in the employment of individuals with disabilities. The BLM requires its supervisory employees to attend annual training courses on compliance with the Act and how to properly respond to a request by an employee for a reasonable accommodation, including reassignment to an open position for which the employee is qualified.

6.  In August 2020, Plaintiff's job title was Facility Forestry Technician (Fire) Engine Captain, GS-046208, assigned to the BLM's Vale, Oregon District Office of the Oregon/Washington Region.

7.  Several years prior to August 2020, Plaintiff began experiencing chronic knee pain, first in his right knee and then in his left knee. The pain increased to the point that in

August 2020 Plaintiff contacted Karen Wilson, a Human Resource Specialist in the BLM's Oregon State Office, to disclose his condition and request her assistance in pursuing a reasonable accommodation under the Act that would permit Plaintiff to continue his employment with the BLM. At the time of his communication with Ms. Wilson, Plaintiff was serving a 120-day detail as a Facility Maintenance Supervisor WG10 in the Vale, Oregon District Office.

8. Plaintiff is an individual with a disability, as defined in the Act and its accompanying regulations.

9. At all times material to this action, Ms. Wilson and Heny So, her colleague in the Human Resources department of the BLM's Oregon State Office, provided Plaintiff minimal assistance in connection with his request for a reasonable accommodation under the Act.

10. In August 2020, Plaintiff's immediate supervisor was Jon Dentinger, Assistant Fire Operations Supervisor. Mr. Dentinger's supervisor was Dave LaChapell, Deputy Fire Management Officer. Mr. LaChapell's supervisor was Tracy Skerjanec, Fire Management Officer. Mr. Dentinger, Mr. LaChapell and Mr. Skerjanec were all assigned to the BLM's Vale, Oregon District Office.

11. In October 2020, Mr. Skerjanec summoned Plaintiff and Plaintiff's prior supervisor, John Thorstad, Fire Operations Supervisor, to a meeting to discuss Plaintiff's August 2020 request for a reasonable accommodation under the Act. During the meeting, it became apparent that Mr. Skerjanec had concluded, without any material input or discussion with Plaintiff, that Plaintiff was unable to perform the essential functions of his position as a Facility Forestry Technician (Fire) Engine Captain, GS-046208, with or without reasonable accommodation. Rather than engage in the collaborative dialogue that forms the core of the reasonable accommodation process, Mr. Skerjanec instructed Plaintiff to "polish up his resume"

or words to that effect in preparation for a 30-day job search within the Oregon/Washington Region. The instruction for Plaintiff to "polish up his resume" indicates Mr. Skerjanec was aware of the BLM's policies and procedures on reassignment as a matter of right.

12. The Act provides that if a federal employee can no longer perform the essential functions of the employee's job with or without reasonable accommodation, the employee is entitled to reassignment to any open position for which the employee is qualified. Multiple Department of the Interior policies describe the reassignment process, including Personnel Bulletin 08-09 dated May 5, 2008, Personnel Bulletin 14-01 dated February 20, 2014, and Personnel Bulletin 21-03 dated October 24, 2022.

13. Shortly after his October 2020 meeting with Mr. Skerjanec, Plaintiff gave the BLM a completed Employee Questionnaire for Reassignment: Preferences on Parameters for Conducting an Expanded Search for a Vacant Position, as described in Personnel Bulletin 08-09 (a "30-day Job Search Request").

14. The BLM did not complete a job search in response to Plaintiff's first 30-day Job Search Request and did not provide Plaintiff the results of any such job search.

15. On December 7, 2020, Plaintiff underwent surgery for a total knee replacement of his right knee. As a result of the surgery, the BLM placed Plaintiff on "Leave Without Pay" status. As part of the leave process, Mr. Skerjanec informed Plaintiff that he had unilaterally placed the job search and reassignment process on hold pending Plaintiff's return to active duty. Mr. Skerjanec did not explain why Plaintiff's first 30-day Job Search Request was not completed prior to the date Plaintiff was placed on leave.

16. While he was out on leave, Plaintiff did not receive any communications from Ms. Wilson, Mr. So, Mr. Skerjanec or any other supervisory employee at the BLM concerning Plaintiff's request for reasonable accommodation or the result of any 30-day job search.

17. On April 12, 2021, Plaintiff returned to work and discovered his work locker had been cleaned out without his knowledge or consent.

18. Shortly after he returned to work in April 2021, Mr. Skerjanec instructed Plaintiff to submit a second 30-day Job Search Request. Plaintiff promptly complied with Mr. Skerjanec's instruction and submitted a second 30-day Job Search Request.

19. By Affidavit dated January 17, 2024, Mr. Skerjanec admitted the BLM did not conduct a job search that complied with Personnel Bulletin 08-09 in response to Plaintiff's second 30-day Job Search Request. According to Mr. Skerjanec, "No job search had taken place at this time, I did go over the vacancies that we had in the district at this time with Dan."

20. Mr. Skerjanec's statement that he went "over the vacancies" with Plaintiff consisted of Mr. Skerjanec approaching Plaintiff in the yard at the Vale, Oregon District Office while waving several sheets of paper in his hand. Mr. Skerjanec stated, "I've got the results of your job search right here" or words to that effect. Plaintiff asked to see the results. Mr. Skerjanec replied, "You don't need to see the results; I can tell them to you" or words to that effect. Mr. Skerjanec then informed Plaintiff that the results of the second 30-day Job Search Request consisted of the following: two GS-07 positions in Range in Vale, Oregon, one GS-07 position in Baker, Oregon, and one GS-07 desk position in Vale, Oregon. Mr. Skerjanec then demanded that Plaintiff immediately pick one of these open positions. Faced with Mr. Skerjanec's ultimatum, Plaintiff reluctantly stated the GS-07 desk position in Vale, Oregon was probably the best option. Approximately 90 minutes after the initial conversation occurred, Mr.

Skerjanec again approached Plaintiff and informed him the GS-07 desk position in Vale, Oregon was actually a GS-06 position, two pay grades below Plaintiff's current position. Mr. Skerjanec later admitted under oath that his "job search" had consisted of a few minutes informally reviewing the open positions in the area. In other words, the "job search" did not comply with Personnel Bulletin 08-09.

21.     On May 5, 2021, Plaintiff provided Mr. Skerjanec a third 30-day Job Search Request. The third 30-day Job Search Request indicated that Plaintiff was willing to accept reassignment to a non-equivalent position in another Department of the Interior Bureau but within Plaintiff's local commuting area.

22.     In his January 17, 2024 Affidavit, Mr. Skerjanec admitted, " If we are just talking about on or before the (sic) May 5th, 2021 then as far as I know there was no job search that happened BLM Bureau wide."

23.     In response to the question of whether the BLM had offered Plaintiff reassignment to a GS-07 or GS-08 position, Mr. Skerjanec stated in his January 17, 2024 Affidavit, "If we are talking about on or before May 5th, 2021 then the answer is no."

24.     Despite his failure to conduct a 30-day job search in compliance with Personnel Bulletin 08-09 for any of Plaintiff's three prior 30-day Job Search Requests or show the actual results of any job search, formal or informal to Plaintiff, on August 9, 2021, Mr. Skerjanec gave Plaintiff a letter which was identified as a "Reasonable accommodation decision letter." The letter stated:

> A preliminary review of your medical documentation dated June 21, 2021 suggests that you do not meet the definition of a qualified individual with a disability under the American (sic) with Disabilities Act (ADA). To be considered a qualified individual with a disability, you must be an individual with a disability who satisfies the requisite skill, experience, education and other job-related requirements of the employment position (Engine Captain, GS-0462-8) and who, with or without reasonable accommodations (sic),

> can perform the essential functions of your position. Although you are an individual with a disability, your medical documentation dated June 21, 2021 as well as your Doctors (sic) statement that states that you are not able to perform the essential functions of your position as an Engine Captain, GS-0462-8 because of your arthritic knee(s) conditions (sic).
>
> Although you are not a qualified individual with a disability under the American (sic) with Disabilities Act (ADA), I have considered your disability, your medical restriction, and your requisite skills, experience, education and other job-related requirements within the Vale District, Oregon/Washington State Office, Bureau of Land Management.
>
> Based on your doctors (sic) note…I have determined that you are capable of performing work as a Contact Representative GS-0962-6.

Mr. Skerjanec's letter further stated that if Plaintiff did not accept the GS-0962-6 position by August, 24, 2021, "I will propose your non-disciplinary medical inability to perform removal from Federal service…."

25. Mr. Skerjanec made the decision to force Plaintiff to accept a lower paying position unilaterally and in violation of Personnel Bulletin 08-09 and other BLM policies and procedures of which he had actual knowledge.

26. On September 28, 2021, Plaintiff submitted a fourth 30-day Job Search Request. As was the case with the prior three 30-day Job Search Requests, the BLM either did not perform the search or failed to timely provide the results to Plaintiff.

27. As part of his January 17, 2024 Affidavit, and in response to a request from the BLM's contract investigator assigned to this matter to provide copies of the results of any 30-day job searches performed by the BLM in response to any of Plaintiff's four 30-day Job Search Requests, Mr. Skerjanec was unable to produce any documents.

28. In response to Plaintiff's complaints about the BLM's response to his request for a reasonable accommodation and Mr. Skerjanec's failure to follow established policies and procedures, as well as Plaintiff's decision to employ legal counsel, and despite Mr. Skerjanec's

threat to remove Plaintiff from Federal service if he did not accept a lower-paying desk job, during the period August 24, 2021 through January 15, 2023, the BLM continued to employ Plaintiff as a Facility Forestry Technician (Fire) Engine Captain, GS-046208, assigned to the BLM's Vale, Oregon District Office of the Oregon/Washington Region. Rather than engage in direct firefighting during this period, the BLM assigned Plaintiff to various maintenance and construction projects and on one occasion assigned Plaintiff as a Crew Fire Representative on an active fire.

29. On November 11, 2022, Mr. Skerjanec provided Plaintiff a second "Reasonable Accommodation Decision" letter. Similar to his August 9, 2021 letter, Mr. Skerjanec informed Plaintiff that he had unilaterally determined there was only reassignment option available to Plaintiff: a Forestry Technician (Assistant Airtanker Base Manager, Single Engine), GS-0462-7/8, position in the BLM's Vale, Oregon District Office. Mr. Skerjanec demanded a "yes or no" answer to the reassignment within 10 business days and informed Plaintiff that if he failed to accept the reassignment, he would be removed from federal service.

30. Faced with the imminent loss of his employment, Plaintiff accepted the reassignment to the Assistant Airtanker Base Manager position and has continued in that position to the present date.

31. Plaintiff's immediate supervisor in August 2020, Assistant Fire Operations Supervisor Jon Dentinger, stated the following in an affidavit dated January 24, 2024 and provided to the BLM's contract investigator: "The only addition I would like to make is this whole situation could have gone a whole lot better. Tracy Skerjanec took this responsibility on when he didn't need to and, in my opinion, he never had the employees (sic) or the Bureaus (sic) best interest at heart. Daniel Cannon is a Professional Firefighter with over 25 years of

experience and training and should have been treated with more respect. I believe at the time of Daniel Cannons (sic) medical determination the local Bureau of Land Management was sitting at a 40% overall job vacancy rate."

32.     Following the lengthy and unproductive process of filing an informal complaint, filing a formal complaint, participating in an investigation conducted by a BLM contract investigator, participating in, and withdrawing from, an EEOC proceeding and participating in a supplemental investigation conducted by a second BLM contract investigator, on February 21, 2024, Plaintiff requested a merit final agency decision ("FAD") from the Department of the Interior as a precursor to filing this lawsuit.

33.     By rule, an agency is required to issue a FAD within 60 days from the date of the request. Thus, the deadline for the Department of the Interior to issue a FAD in this matter was Monday, April 22, 2024.

34.     The Department of the Interior did not issue a FAD in this matter until September 23, 2024, approximately 154 days after the due date. The FAD ruled in favor of the Department of the Interior.

35.     Plaintiff has exhausted his administrative remedies and all conditions precedent to the filing of this action have been performed.

36.     Plaintiff has suffered emotional distress because of the Department of the Interior's actions.

CAUSE OF ACTION

Violation of Section 501 of the Rehabilitation Act of 1973

37.     Plaintiff incorporates the allegations in paragraphs 1-36 by reference.

38.     Section 501 of the Act prohibits federal agencies from discriminating against federal employees with recognized disabilities and applies the same standards as the Americans with Disabilities Act.

39.     Plaintiff is a person with a disability within the meaning of the Act because he has an impairment that substantially limits one or more major life activities.

40.     Defendant's conduct as described in this Complaint constitutes discrimination on the basis of a disability in violation of the Act.

41.     Specifically, Defendant violated the Act when it failed to engage in the interactive, collaborative process in responding to Plaintiff's request for a reasonable accommodation and, despite four separate 30-day Job Search Requests, failed to perform a job search or provide the results of a valid job search to Plaintiff, thereby preventing Plaintiff from making an informed choice in connection with his right to reassignment.

42.     As a result of Defendant's discriminatory conduct, Plaintiff has suffered, and continues to suffer, harms, including lost income, emotional distress, mental anguish, pain and suffering, frustration and humiliation. In addition, Plaintiff has incurred significant costs and attorneys' fees to engage in a protracted dispute with Defendant over his August 2020 request for a reasonable accommodation under the Act, a request that was simple, straightforward and easy for the BLM to satisfy if it had followed its well-established policies and procedures.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Court:

A.      Grant judgment in favor of Plaintiff, declare that Defendant has violated Section 501 of the Act and its implementing regulations and order Defendant to pay Plaintiff cash damages as provided under the Act;

B.  Enjoin Defendant, and all persons in active concert or participation with Defendant, from engaging in discriminatory employment policies, practices and proceedings against Plaintiff;

C.  Order Defendant to pay Plaintiff's costs and attorneys' fees under the Act; and

D.  Order such other appropriate relief as the interests of justice require.

## JURY DEMAND

Plaintiff requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure 38.

Respectfully submitted December 20, 2024.

INTERMOUNTAIN LAW, PC

*/s/ Jessica Perez*
Jessica Perez, OSB No. 222649
Attorney for Plaintiff